UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Case Number 06-20130-BC
v.                                               Honorable Thomas L. Ludington

DANIEL SCOTT ESTERLINE

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

This matter is before the Court on Defendant Daniel Esterline's motion for modification of sentence, filed on June 25, 2007. Defendant was indicted on federal charges of conspiring to defraud the United States pursuant to 18 U.S.C. § 371 and multiple counterfeiting counts. 18 U.S.C. § 472-73. At the time of the indictment, Defendant was incarcerated in a Carson City, Michigan correctional facitlity on independent Michigan state charges. On June 29, 2006, Defendant appeared before this Court for arraignment on the aforementioned federal charges. In order to promptly resolve the matter, Defendant executed a waiver of right under the Interstate Agreement on Detainers to remain in state custody in order to expedite the federal matter. [dkt # 25]. The waiver states that Defendant "desire[s] to and do[es] hereby waive [his] right to remain in federal custody, and I request to be promptly returned to state custody, prior to the completion of my trial on federal charges." On October, 17, 2006 Defendant and the United States government entered into a plea agreement related to the federal charges. On February 1, 2007, the Court sentenced Defendant to be incarcerated for twenty-two months and that sentence was to run concurrently with his state sentence.

After the Court sentenced Defendant on February 1, 2007, federal authorities returned him to state custody to complete the remainder of his state sentence. On April 3, 2007, the state of Michigan paroled Defendant on his state criminal charges, and he began serving his federal sentence. The Bureau of Prisons ("BOP") credited Defendant's federal sentence with the time he served in state custody between February 1, 2007 and April 3, 2007. Defendant brings the instant motion contending that the BOP miscalculated his sentence by not crediting Defendant with his time in state custody between June 29, 2006 and February 1, 2007.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The Code of Federal Regulations "allows an inmate to seek formal review of an issue relating to any aspect of his/her confinement" 28 C.F.R. § 542.10(a), including review of the computation of his/her sentence. A prisoner may seek judicial review of sentence computations after exhausting administrative remedies. *Wilson*, 503 U.S. at 335.

In his motion, Defendant contends that he is unable to seek administrative relief because his sentence is only a term of twenty-two months and there is not sufficient time for administrative relief. Defendant did not offer any specific support for this assertion. Thus, the motion should be denied on the grounds that Defendant did not exhaust his administrative remedies or provide adequate justification for his conclusion.

Alternatively, the Court finds that Defendant's legal basis is without merit. Defendant relies on 18 U.S.C. 3582(c)(2), which provides the Court may not modify a sentence after it has been imposed unless the "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28

U.S.C. § 994(o)." Defendant did not provide any authority indicating that the guidelines, as they pertain to Defendant's violation of 18 U.S.C. § 371, have changed subsequent to the Court's imposed sentence of February 1, 2007. Thus, the Court does not have the authority under § 3582(c)(2) to alter Defendant's sentence absent a change to the sentencing range for his offense.

Accordingly, it is **ORDERED** that Defendant's motion for modification of sentence [dkt # 59] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 2, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---